CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB -5 2018


JAMES N. HATTEN, Clerk
By: J. Brannon
Deputy Clerk

Alamine Ex Rel: JOHNQUES LUPOE 1117860
(Enter above the full name and prisoner identification number of the plaintiff, GDC number if a state prisoner.)

1 18-CV-0572

-vs-

Kenneth Nix d/b/a JUDGE NIX
Patrick Head d/b/a PATRICK HEAD
Rebecca Keaton d/b/a REBECCA KEATON
(Enter above the full name of the defendant(s).)

I. **Previous Lawsuits**

A. Have you filed other lawsuits in federal court while incarcerated in any institution?

Yes (✓)   No ( )

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

   Plaintiff(s): _____

   Defendant(s): _____

2. Court (name the district): _____

3. Docket Number: _____

Rev. 12/5/07

I.  **Previous Lawsuits (Cont'd)**

   4. Name of judge to whom case was assigned: _____

   5. Did the previous case involve the same facts?

      Yes ( )   No (✓)

   6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
      _____
      _____

   7. Approximate date of filing lawsuit: _____

   8. Approximate date of disposition: _____

II. **Exhaustion of Administrative Remedies**
   Pursuant to 28 U.S.C. § 1997e(a), no prisoner civil rights action shall be brought in federal court until all available administrative remedies are exhausted. Exhaustion of administrative remedies is a precondition to suit, and the prisoner plaintiff must establish that he has exhausted the entire institutional grievance procedure in order to state a claim for relief.

   A. Place of Present Confinement: _Coffee County Correction Facility_

   B. Is there a prisoner grievance procedure in this institution?

      Yes ( )   No (✓)

   C. Did you present the facts relating to your complaint under the institution's grievance procedure?

      Yes ( )   No (✓)

   D. If your answer is YES:
      1. What steps did you take and what were the results?
         _____
         _____
         _____
         _____
         _____

      2. If your answer is NO, explain why not: _This is a Court related issue_

### III. Parties
(In item A below, place your name in the first blank and place your present address in the second blank.)

A. Name of Plaintiff: Alamin El/Ex Rel: JOHNQUES LUPOE

Address(es): c/o 1153 North Liberty Street
Nicholls, Georgia 31554

(In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Do the same for each additional defendant, if any.)

B. Defendant(s): COBB COUNTY SUPERIOR COURT Employees; Kenneth O. Nix, Patrick Head, Rebecca Keaton

Employed as COBB COUNTY SUPERIOR COURT Employees

at P.O Box 3370 Marietta Ga., 30061

### IV. Statement of Claim
State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

This Aggrieved Party was imprisoned in the COBB COUNTY DETENTION AND CORRECTION CENTER on or about the 4th day of January, 2005 and several months thereafter was then delivered into the custody of the GEORGIA STATE DEPARTMENT OF CORRECTIONS at GARDEN CITY, GEORGIA. There after, this Aggrieved Party was transferred to the FRANK SCOTT STATE PENITENTIARY at MILLEDGEVILLE, GEORGIA, where this Aggrieved Party has been continually detained, falsely, in regards to COBB COUNTY Cause(s) # 660841, 08-15-78, to the date of this filing of this "1983 CIVIL RIGHTS ACT COMPLAINT" absent Proper Parties, Lawful Jurisdiction and Proper Service of Process as follows:

1. THIS Aggrieved Party's true name Alamin El/Johnques Lupoe, as evidenced in the Commercial

### IV. Statement of Claim (Cont'd)

Registry.

2. THIS Aggrieved Party's Trade Name is JOHNQUES LUPOE, JOHNQUES WYDELL LUPOE, or any variations or derivatives there of or therefrom, spelled in uppercase or lower case, printed or written whole or inpart, all of which are Registered under the Trade Name of JOHNQUES LUPOE.

3. THIS Aggrieved Party is the Trade Name Owner of the abovementioned Name, all of which are registered under the Trade Name of JOHNQUES LUPOE as Transmitting Utility.

4. THIS Aggrieved Party is without the jurisdiction of GEORGIA STATE or DISTRICT OF COLUBIA a.k.a WASHINGTON D.C

5. THIS Aggrieved Party was seized, arrested and imprisoned by the CITY OF COBB POLICE DEPARTMENT, under color of law and office, on the 4th day of January, 2005 C.E

6. The arresting officers of the CITY OF COBB POLICE DEPARTMENT neglected, or refused, to take THIS Aggrieved Party directly before a judge or magistrate for the determination of the lawfulness of said arrest.

7. All PERSONS (R.C.W. 62A-1-201(30)) involved in the imprisonment of THIS Aggrieved Party neglected to properly issue any of the Miranda Warnings.

8. All PERSONS involved in the imprisonment of THIS Aggrieved Party neglected to state the Nature and Cause of any accusation, as all PERSONS involved should have known that they were involved in Commerce.

9. THIS Aggrieved Party has never been served process or "Notice" as defined in R.C.W. 62A 1-201(30)(e)(f).

10. THIS Aggrieved Party was not served in the Proper Style of Process, See The Constitution for the State Of GEORGIA/United States of America

11. NO Complaint has been filed by a Holder-In-Due-Course of any Contract R.C.W. 62A-1-201(H) (See also 62A-1-205) requiring specific performance, bearing THIS Aggrieved Party's true name and bona fide Signature.

12. No Grand Jury has been convened to investigate the validity of any alleged Complaint in regards to THIS Aggrieved Party in any Court.

13. NO presentmen or Indictment by a Grand Jury has been presented or filed in

### V. Relief

State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.

WHEREFORE, PETITIONE PRAYS:

(a) That the defendant be served according to law;

(b) That the complaint be granted and Petitioner be released from custody

(c) That the charges against the Petitioner be dismissed, or in the alternative that he be released on his own recognizance;

(d) Any Plaintiff, Corporate or Natural, Party-Claimants; Involvements be found guilty of charges and shall result in immediate Recusal of Office.

Rev. 12/5/07

IV. Statement of Claim (Cont'd)

13. Any Court, whether Federal, State, County or City, in regards to THIS Aggrieved Party.

14. No Summons or Arrest Warrant was issued for the arrest and seizure of THIS Aggrieved Party's Flesh and Blood Corpus.

15. No Search and Seizure Warrant was issued for THIS Aggrieved Party's <u>Personal Property</u>. See Article 1 § 1, 3, 7, of the Constitution of the State of Georgia.

16. THIS Aggrieved Party has not been charged with a crime, whereas STATE OF GEORGIA "Charged" the Debtor JOHNQUES LUPOE. All PERSONS involved never established jurisdiction over THIS Aggrieved Party on the record, whether City, County, State, or Federal.

17. THIS Aggrieved Party has NEVER surrendered, or waived ANY Rights as Sovereign, being the Real Party In Interest, in ANY Court nor in Any manner.

18. THIS Aggrieved Party does not have a Contract with nor will I Alamin El/Johnques Lupoe, Contract with, for operating in Commerce, absent a Contract bearing THIS Aggrieved Party's true name and signature and the true name and bona fide signature of the following; KENNETH O. NIX; PATRICK HEAD; there is no Contract. Without a Contract, there is no case. See <u>Erie Railroad v. Tompkins, 304 U.S. 64, 82 L.Ed. 1188 (1938)</u>.

19. THE COBB COUNTY SUPERIOR COURT for the STATE OF GEORGIA; COBB COUNTY PROSECUTORS OFFICE; COBB COUNTY PUBLIC DEFENDERS OFFICE; CITY OF COBB POLICE DEPARTMENT; must produce a Contract bearing THIS Aggrieved Party's true name and bona fide Signature, with the above mentioned PERSONS name(s) and signature(s) affixed, where THIS Aggrieved Party gave them permission and license in COMMERCE for seizure, arrest and imprisonment of my Body under Color of Law and Office and other Property without Due Process of Law, whereas I, Alamin EL/Johnques Lupoe have been without the jurisdiction of the District of Columbia, and/or STATE OF GEORGIA

20. THIS Aggrieved Party has never waived any imprescriptable or unalienable Rights to Life, Liberty and/or Property, as secured, Guaranteed and Protected by the Constitution for the State of Georgia and the Constitution for the United States of America, and, ultimately GOD Almighty.

21. Absent a Contract, violations have been committed of THIS Aggrieved Party's Rights by COBB SUPERIOR COURT FOR THE STATE OF GEORGIA; COBB COUNTY PROSECUTORS OFFICE; COBB COUNTY PUBLIC DEFENDERS OFFICE; and, CITY OF COBB POLICE DEPARTMENT; without Corporate and/or lawful authority.

22. Any adverse party in any action must identify when and where THIS Aggrieved Party may Confront adverse witnesses.

23. Attorneys, ROBERT POPE; PATRICK HEAD do not have a license issued by STATE OF GEORGIA or The State of Georgia allowing them to practice Law within STATE OF GEORGIA or The State of Georgia.

24. Any EMPLOYEE, OFFICER, AGENT or ELECTED OFFICIAL, including Attorneys and Judges, acting without a license in Commerce is Committing a Commercial Crime, and may be prosecuted under the "Trading With The Enemies Act" (March 9th, 1933), RICO ACT and/or HOBBS ACT.

IV. Statement of Claim (Cont'd)

25. NO PERSON/person or individual has come forth with evidence of a Priority Claim over THIS Aggrieved Party.

26. THIS Aggrieved Party will not accept any third (3rd) party involved in any dispute between THIS Aggrieved Party and a Fiction, Corporation and/or its instruments, however, with limited use of Trade Name, any party that wishes to rebut this Affidavit in Commerce may use the Trade Name JOHNQUES LUPOE, until such time as the time has expired for such rebuttal as is stated in this affidavit.

**V.  Relief (Cont'd)**

(e) All Parties involved stated here in are being sued for $500,000 dollars each for compensatory damages and $500,000 dollars for punitive damages each.

(f) For such other and further relief as justice may require.

Signed this __1__ day of __February__, 20__18__.

_____
Signature of Plaintiff  All Rights Reserved

**STATE OF** __GEORGIA__
**COUNTY (CITY) OF** __COFFEE__

I declare under penalty of perjury that the foregoing is true and correct.

**EXECUTED ON** __2 - 1 - 18__
(Date)

_____
Signature of Plaintiff   All Rights Reserved

Rev. 12/5/07

# MEMORNDUM

## COMMERICIAL AFFIDATIT

; ACTUAL AND CONSTRUCTIVE NOTICE

## IDENTIFICATION OF AGGRIEVED PARTY

I, Johnques Lupoe (hereinafter "Aggrieved Party") [U.C.C. 62A 1-201], Sui juris, of the Lupoe Family, am a Sovereign, a Private Party with the unalienable and imprescriptable Right to Life, Liberty and Property, Secured, protected and guaranteed by GOD Almighty, the State and federal Constitutions, and the Rights and Remedies afforded by the Uniform Commercial Code.

Furthermore, this Aggrieved Party is a living, breathing, flesh and blood human upon the soil, (Indispensable Party) within the state of Georgia, with Sentient and moral existence. This Aggrieved Party is the Holder-In-Due-Course [62A 3-302] of the Document of Title, [U.C.C. 62A 1-201(15) 5-102(f)] a Secured Party/Creditor [U.C.C. 62A 9-105(m)], Trade Name Owner and Record Owner. This Aggrieved Party is Non-Incorporated, Non-Debtor, Non-Person, Non-Citizen, Non-Resident, (a Non-Resident Alien of the Georgia Republic) Non-Defendant, Non-Fiction, Non-Subject and Non-Participant in any government programs.

For my purposes, by AFFIDAVIT IN REBUTTAL, I Johnques Lupoe, sui juris, do hereby grant LIMITED USE OF THE Trade Name® JOHNQUES LUPOE for the purpose of response to this Affidavit only. No other use of Trade Name is permitted unless express written consent is granted by Trade Name Owner. The Aggrieved Party and Undersigned, having first-hand-knowledge of the facts ....

Notice of Official Record
Entry + Commercial Affidavit

herein and being of the age to contract, do DECLARE the following in Aggrieved Party's own authority, invoking the "Instrumentality Rule," i.e. Piercing the Corporate Veil Rule, in the first instance upon discovery of any debt, duty, claim or obligation. Let no action or writing be construed to imply the granting of any power of attorney, waiver of any Rights or assignment of Title, and on the Undersigned's Unlimited Oath, I will tell the Truth and nothing but the Truth, in any Court, if called upon to do so. This Affidavit is in Commerce. This Aggrieved Party now States for the Official Record:

## DECLARATION OF STATUS OF CORPORATE EXISTENCE

I, Johnques Lupoe, sui juris, do hereby DECLARE and aver that the following Corporations status is either 'de facto' or otherwise, ultra vires nul tiel corporations or nul charter, however, the following are operating in commerce: STATE OF GEORGIA; OFFICE OF THE GOVERNOR; SECRETARY OF STATE; GEORGIA STATE DEPARTMENT OF CORRECTIONS; GEORGIA STATE PENITENTIARY; COUNTY OF COBB; COBB COUNTY SUPERIOR COURT FOR THE STATE OF GEORGIA; COBB COUNTY PROSECUTORS OFFICE; COBB COUNTY PUBLIC DEFENDERS OFFICE; and/or any other division or subdivision thereof or therefrom. Wherein the above-name governmental entities are associated with the status of Johnques Lupoe, associated with the Debtor JOHNQUES LUPOE and any Debt, Duty, Claim, or Obligation against the Aggrieved Party's incorporeal hereditaments or Rights pursuant to RCW 62A 1-102 thru 1-106 and Article X (Ten) of Amendments to the Constitution of the Several Free Union States of America, effective December 15th, 1791 C.E., ad infinitum.

NOTICE OF OFFICIAL RECORD
ENTRY + COMMERCIAL AFFIDAVIT

## ACTUAL AND CONSTRUCTIVE NOTICE

I, Johnques Lupoe, sui juris, by this Affidavit do DECLARE, and give NOTICE, that this Aggrieved Party was imprisoned without probable cause, without authority of law or jurisdiction, constituting Kidnapping and Unlawful Imprisonment (a.k.a False Imprisonment). The Washington Administrative Code (WAC) 289-26-40 reads: "No prisoner shall be confined without proper legal authority." Kidnapping and Unlawful Imprisonment are <u>crimes</u> under Georgia Session Law.

This Aggrieved Party was imprisoned in the COBB COUNTY DETENTION AND CORRECTION CENTER on or about the 4th day of January, 2005, and several months thereafter was then delivered into the custody of the GEORGIA STATE DEPARTMENT OF CORRECTIONS at GARDEN CITY, GEORGIA. There after, this Aggrieved Party was transferred to COFFEE COUNTY STATE PENITENTIARY at NICHOLLS, GEORGIA, where this Aggrieved Party has been continually detained, falsely, in regards to COBB COUNTY Cause(s) #660841, 08-15-78, to the date of this filling of this "NOTICE OF OFFICIAL RECORD ENTRY & COMMERCIAL AFFIDAVIT," absent Proper Parties, Lawful Jurisdiction and Proper Service of Process Stated herein.

This Aggrieved Party was and is kidnapped and Unlawfully/Falsely Imprisoned, detained and denied Private Property and other secured Fundamental Rights, without due process of law, in violation of the Georgia Constitution and United States Constitution Article 1, 3, and 6, Amendments 4, 5, 6, 8, 10, 11, 13 and 14. And the Constitution for the United States of America (1789), as Amended by the Bill of Rights, Article I thru XIII (1791).

NOTICE OF OFFICIAL RECORD
ENTRY + COMMERCIAL AFFIDAVIT